IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNSEL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds,<br><br>Plaintiffs,<br><br>v.<br><br>GLOBAL BUILDERS & DEVELOPERS INC.,<br><br>Defendant. | *Judge Gettleman*<br>*Magistrate Valdez*<br><br><br><br><br><br><br><br><br>08 C 361 |

## ANSWER OF GLOBAL BUILDERS & DEVELOPERS, INC.

NOW COMES Defendant Global Builders and Developers, Inc., (hereinafter "Global") by counsel and in response to the allegations stated in Plaintiffs' complaint, states the following:

COUNT I
(Failure to Pay Employee Benefit Contributions)

1. Global does not contest this Court's jurisdiction but denies that such jurisdiction entitles Plaintiffs to any recovery thereunder.

2. Global does not contest venue in this Court, but denies that such venue entitles Plaintiffs to any recovery therein.

3. Global is without knowledge of the internal operating procedures of the Plaintiffs, and as such denies and demands strict proof of same.

4. Admit that Global is an Illinois corporation in good standing, and that Global does business in the District constituting the Court's physical jurisdiction. The remaining statements are conclusions of law that are not subject to admission by Global; to the extent they constitute allegations of fact, Global denies and demands strict proof of same and denies that Plaintiffs are otherwise entitled to any recovery from it.

5. Admit only that an agent of Global signed Exhibit A. The remaining statements are conclusions of law that are not subject to admission by Global; to the extent they constitute allegations of fact, Global denies and demands strict proof of same and denies that Plaintiffs are otherwise entitled to any recovery from it.

6. Global is without knowledge of the internal operating procedures of the Plaintiffs, and as such denies and demands strict proof of same.

7. Global denies the allegations as a conclusory and insufficient summary of a separate writing, stating affirmatively that the terms of the agreement speak for themselves, and denies that the terms of the agreement entitle Plaintiffs to any recovery.

8. Global denies the allegations as a conclusory and insufficient summary of a separate writing, stating affirmatively that the terms of the agreement speak for themselves, and denies that the terms of the agreement entitle Plaintiffs to any recovery.

9. Global denies that it breached any aspect of its obligations under the agreement, denies that Exhibit B in any way reflects obligations of Global under the agreement, and denies that Plaintiffs are otherwise entitled to any recovery from it.

10. Deny.

11. Deny.

12. The statements contained in Paragraph 12 of the Complaint are conclusions of law that are not subject to admission by Global; to the extent they constitute allegations of fact, Global denies and demands strict proof of same and denies that Plaintiffs are otherwise entitled to any recovery from it.

13. The statements contained in Paragraph 13 of the Complaint are conclusions of law that are not subject to admission by Global; to the extent they constitute allegations of fact, Global denies and demands strict proof of same and denies that Plaintiffs are otherwise entitled to any recovery from it.

WHEREFORE, Defendant Global Builders and Developers, Inc. respectfully requests that this Court deny the Plaintiffs any recovery hereunder, and for such other and further relief as this court deems just and proper.

## COUNT II
(Failure to pay Union Dues)

14. Global realleges the above.

15. Global is without knowledge of the internal operating procedures of the Plaintiffs, and as such denies and demands strict proof of same. Global denies that any

funds "should" have been managed in the manner stated, and denies that Plaintiffs are otherwise entitled to any recovery from it.

16.     Global denies that the report attached as Exhibit B accurately represents its financial obligations, denies that any monies were owed, affirmatively states that all monies properly owed under the obligations cited were in fact properly paid. The remaining statements are conclusions of law that are not subject to admission by Global; to the extent they constitute allegations of fact, Global denies and demands strict proof of same and denies that Plaintiffs are otherwise entitled to any recovery from it.

17.     The statements contained in Paragraph 17 of the Complaint are conclusions of law that are not subject to admission by Global; to the extent they constitute allegations of fact, Global denies and demands strict proof of same and denies that Plaintiffs are otherwise entitled to any recovery from it.

18.     The statements contained in Paragraph 18 of the Complaint are conclusions of law that are not subject to admission by Global; to the extent they constitute allegations of fact, Global denies and demands strict proof of same and denies that Plaintiffs are otherwise entitled to any recovery from it.

WHEREFORE, Defendant Global Builders and Developers, Inc. respectfully requests that this Court deny the Plaintiffs any recovery hereunder, and for such other and further relief as this court deems just and proper.

Respectfully Submitted,
GLOBAL BUILDERS
        AND DEVELOPERS, INC.

/s/ Thomas J. Westgard
_____
        Thomas J. Westgard
        One of its attorneys


Thomas J. Westgard
Attorney at Law
6970 N Sheridan Road #C
Chicago, Illinois 60626
(773) 338-3643 voice
(773) 338-3674 fax
tom@lienmechanics.com
http://www.lienmechanics.com
ARDC# 6256846

Certificate of Service

I, Thomas J. Westgard, an attorney, served notice of this Answer to all counsel who have filed appearances as of this date through the electronic notification stated in Section XI of this Court's General Order 07-0023: General Order on Electronic Case Filing.

/s/ Thomas J. Westgard
_____

Thomas J. Westgard
an attorney